IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| WILLIE BANKS, JR., ADC # 078633 | * | |
| | * | |
| Petitioner, | * | |
| v. | * | |
| | * | No. 5:15CV00346-JJV |
| WENDY KELLEY, Director, | * | |
| Arkansas Department of Correction, | * | |
| | * | |
| Respondent. | * | |

**MEMORANDUM AND ORDER**

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed by Willie Banks, Jr. (Doc. No. 2) and Respondent's Motion to Dismiss. (Doc. No. 7.)

**I.   BACKGROUND**

Mr. Banks was convicted of rape in November 1999 and sentenced to 480 months' imprisonment with an habitual offender enhancement. (Doc. No. 7-2.) On July 6, 2000, he was convicted of first-degree battery[1] and sentenced to 720 months' imprisonment with an habitual offender enhancement. (Doc. No. 7-5.) The trial judge ordered the sentences to run concurrently.

On March 29, 2015, Mr. Banks filed a petition for writ of habeas corpus arguing the parole board should not have denied his request for a parole eligibility hearing. *Banks v. Kelley*, 5:15CV00089-SWW (Doc. No. 2). I recommended his petition be dismissed because Mr. Banks did not have a liberty interest in parole. (*Id.* at Doc. No. 6.) The district court adopted the recommended disposition on June 3, 2015, and the petition was dismissed. (*Id.* at Doc. No. 6.)

On October 29, 2015, Mr. Banks filed the current Petition which is nearly identical to his last

---

[1]The first-degree battery charge arose from conduct Mr. Banks committed while on bond pending trial in the rape case.

one. In this Petition, he reiterates his argument that he should have been granted a parole eligibility hearing in February 2015. (Doc. No. 2.) The Respondent filed a Motion to Dismiss arguing Mr. Banks's Petition is successive and should be dismissed because this Court lacks jurisdiction. (Doc. No. 7.) For the following reasons, I agree.

## II.   ANALYSIS

Under 28 U.S.C. 2244(b)(3), petitioners who have previously filed a federal habeas petition must first obtain authorization from the appropriate federal court of appeals before filing a second or successive habeas petition. *Williams v. Hobbs*, 658 F.3d 842, 853 (8th Cir. 2011). Without an order from the court of appeals authorizing the filing of a successive petition, the district court lacks jurisdiction to hear the petition. *Burton v. Stewart,* 549 U.S. 147, 152-53, 157 (2007). Further, the court of appeals may authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements. See 28 U.S.C. 2244(b)(2). Similarly, claims asserted in a second or successive habeas petition that were not alleged in a previously filed habeas petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

After careful review, I find the language of 28 U.S.C. § 2244(b) is binding and prior authorization to file a second or successive habeas petition is an absolute requisite to this Court's authority to consider a petition. 28 U.S.C. § 2244(b)(3); see also *Williams*, 658 F.3d 842, 853 (2011)

("A 'second or successive' habeas petition requires authorization from a federal court of appeals prior to filing."). There is nothing in the record to indicate Mr. Banks sought and received authorization from the United States Court of Appeals for the Eighth Circuit before filing this successive Petition. He must apply for, and receive, permission from the Eighth Circuit before filing any habeas corpus petition that challenges his convictions.

Therefore, I find this Court does not have jurisdiction over Mr. Bank's claims. The dismissal is without prejudice so Mr. Banks may refile his Petition should the Eighth Circuit grant him permission to proceed.

### III.   CONCLUSION

IT IS, THEREFORE, ORDERED:

1. Respondent's Motion to Dismiss (Doc. No. 7) is GRANTED.

2. Mr. Banks's § 2254 Petition (Doc. No. 2) is DISMISSED and the requested relief is DENIED.

SO ORDERED this 28th day of December, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE